U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 9 2018
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FRANK EDWARD BYRD III, §
 §
    Petitioner, §
 §
v. § No. 4:17-CV-051-A
 §
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
    Respondent. §

**MEMORANDUM OPINION**
**and**
**ORDER**

Before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Frank Edward Byrd III, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings and relief sought by Petitioner, the court has concluded that the petition should be dismissed as time-barred.

**I. Factual and Procedural History**

On December 11, 2012, in the 372nd District Court, Tarrant County, Texas, Case No. 1266668D, a jury, having found petitioner guilty of murder, assessed his punishment at life imprisonment. (Clerk's R. 145, doc. 12-7.) His conviction was affirmed on appeal and, on November 19, 2014, the Texas Court of Criminal Appeals refused his petition for discretionary review. (COA

Notice of Refusal, doc. 12-5.) Petitioner did not seek writ of certiorari in the United States Supreme Court. (Pet. 3, doc. 1.) On December 7, 2015,[1] petitioner filed his first of two postconviction state habeas-corpus applications challenging his conviction, which was denied by the Texas Court of Criminal Appeals on August 24, 2016, without written order on the findings of the trial court. (WR-85,6227-01 18 & Action Taken, docs. 12-13 & 12-16.) The second, filed on October 24, 2016, was dismissed by the Texas Court of Criminal Appeals on December 14, 2016, for noncompliance with the state's procedural requirements under Texas Rule of Appellate Procedure 73.1. (WR-85,227-02 30 & Action Taken, docs. 12-23 & 12-22.) Petitioner filed this federal habeas-corpus petition challenging his conviction on January 17, 2017.[2] (Pet. 10.)

## II. Issues

Petitioner raises ten grounds for relief. (Pet. 6-7(c), doc. 1.)

## III. Statute of Limitations

Respondent asserts that the petition is untimely under the

---

[1] A pro se petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's applications do not provide those dates; thus, for purposes of this opinion, the applications are deemed filed on the dates they were signed by petitioner.

[2] Similarly, a federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

federal one-year statute of limitations. (Resp't's Preliminary Resp. 4-7, doc. 13.) Petitioner contends that, despite the fact that his second state habeas application was still pending at the time, he filed this "protective petition" because he had only five days remaining "on his AEDPA clock." (Pet. 9, doc. 1.)

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because petitioner's claims involve events occurring before and during his trial, subsection (A) is applicable. Under that provision, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. Therefore, petitioner's conviction became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on February 17, 2015. *Jimenez v. Quarterman,* 565 U.S. 134, 119-20 (2009); SUP. CT. R. 13. The statute of limitations began to run the following day and closed one year later on February 17, 2016, absent any tolling.

Petitioner's first state habeas-corpus application, pending from December 7, 2015, through August 24, 2016, operated to toll the limitations period under the statutory provision in § 2244(d)(2) for 262 days. As a result, petitioner's federal petition was due on or before Monday, November 7, 2016. Petitioner's second state habeas-corpus application dismissed for noncompliance with the state's procedural requirements was not properly filed for purposes of § 2244(d)(2) and did not operate to further toll the limitations period. *See Artuz v. Bennett,* 531 U.S. 4, 8 (2000); *Larry v. Dretke,* 361 F.3d 890, 895 (5th Cir. 2004). Thus, petitioner's petition filed on January 17, 2017, is untimely unless he is entitled to tolling as a matter of equity.

4

For equitable tolling to apply, a petitioner must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented him from filing a timely petition or he can make a "convincing showing" that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). Petitioner presents no new reliable evidence of his innocence or convincing argument that he is actually innocent. *McQuiggin*, 569 U.S. at 327. Instead, in his pleadings, he cites to his pro se status, indigence, and difficulty obtaining state court records as reasons for his delay. (Mot. for Stay of Proceedings 3, doc. 2.) However, these are common problems among inmates pursuing postconviction habeas relief. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999). He also asserts that he never received notice that his second state habeas application had been dismissed and that he first learned of the dismissal when he received a copy of the court's January 23, 2017, order denying his motion to stay. (Mot. for Recons. 2, doc. 9.) Although lack of notice of state court rulings can justify equitable tolling in some instances, the failure to notify is not, by itself, grounds for equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223

F.3d 797 (5th Cir. 2000). Nevertheless, the notice, dated December 14, 2016, informing petitioner of the dismissal is available for viewing on the Texas courts' website and reflects that it was sent to petitioner at his address of record. Petitioner presents no proof that he did not receive the notice.

Accordingly, petitioner's federal petition was due on or before November 7, 2016. His petition filed on January 17, 2017, is therefore untimely.

For the reasons discussed, it is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, DISMISSED as time-barred. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied. The clerk of Court is ORDERED to send copies of this memorandum opinion and order and final judgment to petitioner at his address of record and at the Alred D. Hughes unit, Rt.2, Box 4400, Gatesville, Texas 76597, where TDCJ's website indicates that he is currently confined.

SIGNED May 9, 2018.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE